**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON P. SANCHEZ, | ) NO. SACV 01-452-MAN |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

On April 30, 2001, Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 405(g), seeking review of Defendant's decision to deny his claim for social security benefits. On October 4, 2001, pursuant to the stipulation of the parties, the case was remanded to the Social Security Administration for further administrative proceedings. The Court retained jurisdiction, pursuant to sentence six of 42 U.S.C. § 405(g).

Following the remand, Plaintiff's case was set for re-hearing before Administrative Law Judge F. Keith Varni ("ALJ"). However, the notice of the hearing served on Plaintiff was returned as undeliverable.

Moreover, Plaintiff's counsel was unable to locate Plaintiff, and so advised the ALJ. On November 7, 2002, after noting these facts, the ALJ found that Plaintiff had abandoned his claim for disability benefits and, therefore, dismissed the request for hearing. Plaintiff failed to appeal to the Appeals Council, and the Commissioner's decision became final. (*See* Motion to Dismiss Case filed by Defendant in this action on March 29, 2006, Ex. A.)

On March 23, 2006, Defendant filed a motion to reopen the case, as is appropriate in sentence six remand cases. *See* <u>Melkonyan v. Sulivan</u>, 501 U.S. 89, 102, 111 S. Ct. 2157, 2165 (1995)(In sentence six remand cases, "the Commissioner must return to District Court, at which time the court will enter a final judgment"). On March 24, 2006, the Court granted the motion, and the case was reopened.

On March 29, 2006, Defendant filed a motion to dismiss this case, arguing that, in view of Plaintiff's abandonment of his claim, dismissal of this case is necessary pursuant to <u>Melkonyan</u>, *supra*, and Rule 41(b) of the Federal Rules of Civil Procedure ("Motion"). On April 5, 2006, the Court issued an Order to Show Cause to Plaintiff, directing him to show cause why dismissal should not be ordered under Rule 41(b), based on his failure to prosecute ("OSC"). The OSC directed Plaintiff to file an Opposition to the Motion by no later than April 21, 2006, and expressly cautioned him that any failure to so do "**<u>will</u> result in the immediate dismissal of this case for failure to prosecute**" (emphasis in original).

///
///

It is now seven days past the deadline established by the OSC. Plaintiff, who is represented by counsel, has neither filed an Opposition to the Motion nor otherwise communicated with the Court. Given that Plaintiff was warned that dismissal <u>would</u> result if he failed to timely respond pursuant to the OSC, and given Plaintiff's failure to otherwise communicate with the Court, it appears that Plaintiff no longer wishes to prosecute this action. Accordingly, the Court concludes that the Motion should be GRANTED, and this action should be dismissed.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).

Dismissal of this case without prejudice is warranted under Rule 41(b). Plaintiff's failures to comply with the OSC or to otherwise communicate with the Court and to take any action in the administrative proceedings following remand necessarily implicate both the interest in

expeditious resolution of litigation and the Court's need to manage its docket efficiently -- the first and second factors. *See* Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); *see also* Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). These failures have caused this action to come to a halt, thereby impermissibly "allowing Plaintiff to control the pace of the docket rather than the Court." *Id.* The fifth factor also weighs in favor of dismissal, as the OSC specifically admonished Plaintiff that a failure to respond would result in the dismissal of this action. Although Plaintiff was provided with the opportunity to request that this action continue, he ignored it. *See* Ferdik, 963 F.2d at 1262.

A balancing of these factors, therefore, leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See* Ferdik, 963 F.2d at 1263 (dismissal appropriate where supported by three factors); Henderson, 779 F.2d at 1425 (same). Moreover, such a dismissal is consistent with the procedure suggested by the Supreme Court in Melkonyan, *supra*.

Accordingly, IT IS ORDERED that this action shall be dismissed and that Judgment shall be entered in favor of Defendant.

///
///
///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Memorandum Opinion and Order and the Judgment herein on counsel for Plaintiff and counsel for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 28, 2006

                                            /s/
                                 MARGARET A. NAGLE
                         UNITED STATES MAGISTRATE JUDGE